## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEVENDRA SINGH, | : | |
| | : | |
| Petitioner, | : | Civ. No. 15-0778 (KM) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| OSCAR AVILES, | : | |
| | : | |
| Respondent. | : | |

### KEVIN MCNULTY, U.S.D.J.

### I.    INTRODUCTION

The petitioner, Devendra Singh, was in immigration detention at the time he filed his *pro se* habeas petition pursuant to 28 U.S.C. § 2241. The petition challenges Mr. Singh's immigration detention and also requests that this Court vacate the post-release supervision imposed as part of a New York state sentence. Petitioner's request for release from detention will be denied as moot, and the remainder of the habeas petition will be denied on other grounds.

### II.    BACKGROUND

Mr. Singh is a native of Guyana who has resided in the United States since 1980. In 2000, he was convicted in New York state court of intimidating a victim or witness in the third degree. He was sentenced to serve 2-4 years.

In 2003, after completing service of his sentence of imprisonment, Mr. Singh was ordered deported by an Immigration Judge ("IJ"). The Board of Immigration Appeals ("BIA") dismissed Mr. Singh's appeal. Subsequently, Mr. Singh was arrested again, and pled guilty to one count of criminal possession of a weapon in the second degree. He was sentenced to ten years' imprisonment and five years of post-release supervision.

In June 2014, after his release from incarceration, Mr. Singh was placed in immigration detention. In July 2014, the BIA reopened Singh's immigration proceedings so that he could proceed on his claim under the Convention Against Torture ("CAT").

In February 2015, the United States District Court for the Southern District of New York transferred this case to this Court, because Mr. Singh was confined within this District, at the Hudson County Correctional Facility in Kearny, New Jersey. (*See* Dkt. No. 6.) On April 13, 2015, respondent filed an answer to the habeas petition. Respondent was then ordered to supplement its answer in light of the decision of the United States Court of Appeals for the Third Circuit in *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015). On May 28, 2015, Respondent filed a supplemental answer which addressed *Chavez-Alvarez*. (*See* Dkt. No. 17.)

On June 15, 2015, respondent filed an affidavit asserting that the habeas petition is now moot because Mr. Singh has been released from immigration detention. Respondent was ordered to submit documentation indicating the nature of Mr. Singh's release from immigration detention. (*See* Dkt. No. 19.) Thereafter, on July 6, 2015, respondent submitted a copy of the Order of Supervision with Addendum, dated June 4, 2015, that governs the conditions of Singh's release. (*See* Dkt. No. 20 at p. 3-5.)

## III. DISCUSSION

Mr. Singh seeks release from pre-removal immigration detention. He asserts that he was illegally placed in immigration detention prior to his completion of the post-release supervision portion of his New York state sentence. ICE detention, he says, violates due process and double jeopardy, because it is inconsistent with state post-release supervision. For good measure, and

somewhat inconsistently, he requests that this Court vacate the post-release supervision component of his New York state sentence.

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code, which permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States. There can come a point when the period of pre-removal detention is excessive, and may be challenged on that basis. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). In *Chavez-Alvarez, supra,* the Third Circuit gave strong indications that after six months of detention, and certainly within a year, the burden to the petitioner's liberties may outweigh the government's interest in detaining the petitioner without a further bond hearing. 783 F.3d at 478.

I agree with the respondent, however, that any claim Mr. Singh might assert under *Diop/Chavez-Alvarez* is moot. He has been granted the relief he asked for: release from detention. Respondent has submitted sufficient proof that on June 4, 2015, Mr. Singh was released from immigration detention under an order of supervision. Pre-removal-order detention will not resume unless Mr. Singh violates his conditions of supervision, a speculative state of affairs, and one within his control. Accordingly, to the extent the petition seeks release from detention, it is denied and dismissed as moot, because Mr. Singh "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (per curiam) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted).

Mr. Singh's contention that detention is inconsistent with the post-release supervision aspect of his New York state sentence, and his supplemental request that that portion of his state sentence be vacated, is denied. The petition, even construed liberally, states no claim that the state sentence was contrary to federal law, or that it resulted from an unreasonable determination of the facts in light of the evidence before the State court. *See* 28 U.S.C. § 2254(d). Nor is there any showing that this habeas petitioner exhausted his state remedies with respect to this claim. *See generally O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999) (noting prisoner must properly exhaust state court remedies). In the federal system, probation office supervision is not a bar to ICE detention or deportation. See 8 U.S.C. 1226(c)(1) (noting that Attorney General shall take into custody alien when he is released without regard to whether the alien is released on parole, supervised release, or probation). It makes little sense that post-sentence supervision would be a shield against deportation based on the same offense, and I decline to adopt such a rule.

## IV.    CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

Dated: July 9, 2015

KEVIN MCNULTY
United States District Judge